■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSE SANTIAGO, Appellant.— Order, Supreme Court, New York County, entered on October 26, 1970, which denied, after a hearing, defendant's application for *coram nobis* relief based upon newly discovered evidence, unanimously affirmed. The entire court is in agreement that the Supreme Court properly denied the relief sought, i.e., a new trial. The concurring opinion, nevertheless, indicates that as matters now stand the " defendant's conviction [is] under a cloud." What is ignored however is that appellant did take an appeal from the judgment of conviction. Upon such appeal the issue as to appellant's guilt beyond a reasonable doubt was extensively briefed by the parties. This court affirmed the judgment of conviction (*People* v. *Santiago,* 20 A D 2d 968), and therefore of necessity concluded that proof of guilt beyond a reasonable doubt was established. We must therefore disagree with the statement that the conviction is under a cloud. As to other matters raised in the concurring opinion, such matters are not properly before this court nor should this court appropriately consider them. Concur — Stevens, P. J., Capozzoli, Steuer and Tilzer, JJ.; McGivern, J., concurs in the following memorandum: Although I feel I must join in the affirmation, I deplore our powerlessness to mitigate what seems to me to be a cruelly excessive sentence, namely, life imprisonment for one wanton, rattle-brained act, committed by the defendant when he was a young gamin from an East Side gutter, one of many children, abandoned by his father, and living in conditions of the direst poverty. He was scarcely eighteen at the time; one of his companions was fourteen. Already he has spent 10 years in prison — for the throwing of a brick from the roof of a tenement. His companion — one of several — who informed and testified for the People — has long since been freed. Many features of the trial and subsequent developments are extremely disturbing and leave a reviewer with lingering doubts as to the fulfillment of justice. Several bricks were thrown by teenagers. How can anyone say that the precise brick, thrown by the defendant, if he did throw any, found its mark? Nor did the boys go to the roof for the purpose of throwing bricks. They went to fly pigeons. But on some inexplicable, addlepated, reflex instinct, they threw bricks onto the street below. Maldonado, whose testimony is under review, said that he was part of yet another group throwing bricks, at the same time and place. At the trial, however, he refused to testify on constitutional grounds, although he had given a statement exculpating the defendant, a statement kept from the jury, and the substance of which he repeated many years later. All

this, to my mind, leaves the defendant's conviction under a cloud. In any event, this is a case which commends itself to executive clemency. If guilty, the time the defendant has already spent in jail is more than condign satisfaction for the unthinking act of a street urchin. Leaving him there for the rest of his life becomes cruel and unnecessary punishment.